McCALEB, Justice
(dissenting).
This suit for damages, arising out of an intersectional collision, involves purely questions of fact as to the negligence of the respective drivers of the automobiles which, in my opinion, have been correctly resolved by the Court of Appeal for the Parish of Orleans. See 94 So.2d 708.
The evidence, as I view it, does not definitely establish negligence on the part of Mrs. Jennings. She says that she stopped in obedience to a stop sign before entering the intersection and young Steele could not testify to the contrary because he admitted he did not see the Jennings car until it was six feet in front of his car. But, even though it be concluded that she was at fault in failing to see the oncoming car travelling on the favored street, the physical facts, which speak with far more accuracy in these cases than the lips of witnesses, plainly portray that young Steele was not keeping a proper lookout; that he was speeding and, consequently, did not have his car under control.
It was almost 2 o’clock in the morning at the time of the accident and both cars had their headlights burning, yet Steele did not see the Jennings car until it was within six feet of him, despite the fact that there was nothing to obstruct the views of the drivers in their approach to the intersection. And, after contact of the vehicles, his car sped forward, collided with a telephone 'pole located at the intersection with such severity that it knocked down the pole and broke it, then it continued forward through a ditch, levelled a steel fence, the cross-bar thereof being *579 driven five féet through the car’s windshield, and finally came to rest in the yard of a residence located near the intersection.
These circumstances manifest fault which, at least, was a contributing cause of the accident and, therefore, should bar recovery.
I respectfully dissent.